IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY R. CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08CV74-SRW |
| | ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

Plaintiff Johnny R. Carroll brings this action pursuant to 42 U.S.C. § 405(g) and § 1381(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). The court concludes that the decision of the Commissioner is due to be reversed.

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable

person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, *or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted*, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46 (emphasis added).

## DISCUSSION

In reaching his Step 4 decision in this case,[1] the ALJ determined, *inter alia*, that plaintiff did not meet Listing 12.05C for mental retardation. However, the rationale stated by the ALJ for his decision renders the basis for that decision ambiguous and does not permit the court to conclude that the ALJ conducted the proper legal analysis. Accordingly, the court must reverse the ALJ's decision. See id.

For a claimant to be found disabled under Listing 12.05, he must have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" and, in addition, meet one of the four requirements described in subparagraphs A through D. See Listing 12.00A. Listing 12.05C requires "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or

---

[1] The ALJ rendered a decision on August 15, 2007. The Appeals Council denied review on November 30, 2007.

other mental impairment imposing an additional and significant work-related limitation of function." The standard for an "additional and significant" limitation is the same as for a "severe" impairment under 20 C.F.R. 404.1520(c) or 416.920(c).[2]

In considering whether plaintiff met Listing 12.05, the ALJ did not explicitly address whether the claimant met the requirements of the introductory paragraph of the listing. The ALJ proceeded directly to an analysis of the "paragraph B" criteria of Listing 12.04, which are the same as the "paragraph D" criteria for Listing 12.05. (R. 14-15). The ALJ then found that the "paragraph B" criteria of Listing 12.05 "are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 59 or less." (R. 15). As to Listing 12.05C, the ALJ stated:

> Finally, the "paragraph C" criteria of Listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. Although the claimant's Full Scale IQ is 67, *the claimant does not have another impairment that imposes significant work-related limitation of function*. Therefore, listing 12.05 is not met.

(R. 15)(emphasis added). This determination – that plaintiff "does not have another impairment . . ." – directly conflicts with the ALJ's finding that plaintiff suffers from the

---

[2] Under earlier versions of the regulation as interpreted by the Eleventh Circuit, the "additional and significant" standard was lower than the "severe" standard. See Edwards v. Heckler, 755 F.2d 1513, 1515-16 (11th Cir. 1985); see also Davis v. Shalala, 985 F.2d 528, 531-32 (11th Cir. 1993). However, the Commissioner has modified introductory paragraph 12.00A and Listing 12.05C to clarify that the additional physical or mental impairment must be "severe." See 65 Fed. Reg. 50,746 at 50,754 (Aug. 21, 2000)("In final listing 12.05C . . . we used the word 'an' before the word 'additional' to clarify that the additional impairment must be 'severe' in order to establish 'an additional and significant work-related limitation of function."); id. at 50772 ("We have always intended the phrase [significant work-related limitation of function] to mean that the other impairment is a 'severe' impairment, as defined in §§ 404.1520(c) and 416.920(c). . . . Therefore, . . . we revised the fourth paragraph of final 12.00A, which explains how we assess the functional limitations of an additional impairment under listing 12.05C.").

severe impairment of hypertension.  See R. 14.  Accordingly, the reason expressed by the ALJ for his 12.05C determination is legally inadequate.

It appears from the ALJ's decision that he *may* have concluded that plaintiff does not meet satisfy the diagnostic description set forth in the introductory paragraph of Listing 12.05 or that plaintiff's full scale IQ of 67 was not valid, or both.  However, he does not say so.  In reaching a determination on Listing 12.05, "[it] is . . . critical that an ALJ specifically address and resolve the validity of an I.Q. score; if the I.Q. score is valid and meets or equals the criteria of a listed impairment, the ALJ can go no further.  However, if the ALJ determines that the I.Q. score is not valid, then the ALJ must go further."   Thomas v. Barnhart, 2004 WL 3366150, 2 (11th Cir. Dec. 7, 2004)(unpublished opinion).  Because the ALJ failed to address explicitly either the validity of the plaintiff's IQ score or the requirements of the introductory paragraph of Listing 12.05C, and because the reason the ALJ gave for his determination on the "paragraph C" criteria is erroneous as a matter of law, the court cannot conclude that the ALJ employed the proper legal analysis.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is due to be REVERSED and this case REMANDED,[3] so that the Commissioner may issue a decision which clearly reflects that proper legal standards were followed in determining whether plaintiff's

---

[3] In view of this conclusion, the court does not address the additional issues raised by plaintiff's brief.  The court anticipates that the Commissioner will consider these issues on remand.

impairments meet or equal the Listings.[4]  A separate judgment will be entered.

Done, this 17th day of June, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] The court does not intend to suggest that plaintiff either is or is not disabled.  The court is simply unable to conclude that the ALJ conducted a proper legal analysis.